Sean P. Flynn (SBN 220184)
sflynn@foleymansfield.com
**FOLEY & MANSFIELD, PLLP**
300 South Grand Avenue, Suite 2800
Los Angeles, CA  90071
Telephone:    (213) 283-2100
Facsimile:    (213) 283-2101

Attorneys for Defendant
**THE CBE GROUP, INC.**

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY INIGUEZ, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE CBE GROUP, INC.,<br><br>Defendant. | Case No:  13-CV-0637-L-WVG<br><br>**NOTICE OF RELATED CASES**<br><br>Judge: M. James Lorenz<br>Magistrate Judge: William V. Gallo<br><br>Complaint Filed: March 18, 2013<br>Trial Date: None Set |

**TO THE COURT, PLAINTIFF, AND HER COUNSEL OF RECORD:**

Pursuant to Local Rule 40.1(f), Defendant THE CBE GROUP, INC. ("Defendant") hereby gives notice of two related cases.

1. Case Name:    *Nancy Iniguez, et al. v. Dish Network, L.L.C.*
   Case Number:   2:12-cv-02354-JAM-JFM
   Filing Date:   09/12/2012
   Court:         U.S. District Court, Eastern District of California
2. Case Name:    *Linda Blair v. The CBE Group, Inc.*
   Case Number:   3:13-cv-00134-MMA-WVG
   Filing Date:   01/16/2013
   Court:         U.S. District Court, Southern District of California

All three cases present nationwide putative class action claims for the alleged violation of the Telephone Consumer Protection Act. 47 U.S.C. § 227 *et seq.* ("TCPA"). Plaintiff in the matter of *Nancy Iniguez v. The CBE Group, Inc.* 3:13-CV-00637 L (WVG) defines the putative class as:

> all persons within the United States who received any telephone call from Defendant or its agent to said person's cellular telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice, which call was not made for emergency purposes or with the recipient's prior express consent, within the four years prior to the filing of this Complaint.

Docket 1, ¶ 27, 06:07-13.

Plaintiff in *Nancy Iniguez, et al. v. Dish Network, L.L.C.*, 2:12-CV-02354 JAM (JFM) defines the putative class as:

> All persons within the United States who received any collection telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint.

Docket 1, ¶ 38, 07:4-7.

Plaintiff in *Linda Blair v. The CBE Group, Inc.*, 3:13-CV-00134 MMA (WVG) defines the putative class as:

> all persons within the United States who received any unsolicited phone calls, from Defendant or their agents on their paging service, cellular phone service, mobile radio service, radio common carrier service, or other service for which they were charged for the call, through the use of any automatic telephone dialing system as set forth in 47 U.S.C. Section 227(B)(1)(A)(3) or artificial or prerecorded voice, which phone calls by Defendant or its agents were not made for emergency purposes or with the recipients' prior express consent, within the four years prior to the filing of this Complaint.

Docket 1, ¶ 13, 04:2-8.

///

///

The plain meaning of the class definition in *Nancy Iniguez v. The CBE Group, Inc.* 3:13-CV-00637 L (WVG) limits the class to persons that have received any telephone call to their cellular phone via the use of any automatic telephone dialing system or with an artificial or prerecorded voice.

The plain meaning of the class definition in *Nancy Iniguez, et al. v. Dish Network, L.L.C.*, 2:12-CV-02354 JAM (JFM) limits its class to persons that have received telephone calls to their cell phones via an automatic telephone dialing system or with an artificial or prerecorded voice.

The plain meaning of the class definition of *Linda Blair v. The CBE Group, Inc.*, 3:13-CV-00134 MMA (WVG) limits its class to persons that have received telephone calls to any cellular phone or device for which they were charged via an automatic telephone dialing system or with an artificial or prerecorded voice.

In light of the broader class definition contained in *Nancy Iniguez, et al. v. Dish Network, L.L.C.*, 2:12-CV-02354 JAM (JFM) and its earlier filing, Defendant contends that in the interests of judicial economy, avoidance of the potential of conflicting rulings, and efficiency of the parties, that the matter of *Nancy Iniguez v. The CBE Group, Inc.* 3:13-CV-00637 L (WVG) should be dismissed or transferred to the Eastern District Court.

Dated: April 29, 2013        **FOLEY & MANSFIELD, PLLP**

By: */s/ Sean P. Flynn*
Sean P. Flynn
Attorneys for Defendant
**THE CBE GROUP, INC**.